NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CAMILA CASTRO RUBIO, et al., | No. 24-4421 |
| Petitioners, | Agency Nos. A241-743-177 A241-743-178 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**
Seattle, Washington

Before: HAWKINS, BEA, and BENNETT, Circuit Judges.

Petitioner Maria Camila Castro-Rubio ("Maria") and her minor daughter
V.N.P.C. (together, "Petitioners"), both natives and citizens of Colombia, seek
review of a final order of removal issued by the Board of Immigration Appeals
("BIA") dismissing their appeal from an immigration judge's ("IJ") decision that
denied their applications for asylum, withholding of removal, and protection under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").

Petitioners illegally entered the United States in August 2022, and the U.S. Department of Homeland Security initiated removal proceedings against them in October 2022. Conceding removability, Petitioners applied for asylum, withholding of removal, and CAT protection, claiming that they feared persecution on account of their membership in the particular social group of the family members of Juan Pablo Porras-Lengurque ("Porras"), Maria's partner and V.N.P.C.'s father.

We have jurisdiction under 8 U.S.C. § 1252. Our "review is limited to the BIA's decision except where the IJ's opinion is expressly adopted."[1] *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). And we review the agency's factual findings for substantial evidence and reverse them "only where 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021) (citation omitted).

For the reasons set forth below, we grant the petition for review and remand. Because the parties are familiar with the facts, we recount them only as relevant to our decision.

1. Asylum and withholding of removal are unavailable if Petitioners can safely and reasonably relocate within Colombia. *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019). The agency "must conduct a reasoned analysis with respect to

---

[1] We refer to the BIA and the IJ collectively as "the agency."

[Petitioners'] individualized situation."[2] *Id.* at 661. In this case, the agency determined that Petitioners could safely and reasonably relocate to Cucuta, Colombia, or elsewhere in Colombia.[3] In so determining, the agency misstated the record as to the safety of Cucuta and failed to evaluate whether Porras could reasonably return to Colombia and, if not, whether Petitioners could reasonably relocate within Colombia without Porras's company.

Specifically, the agency found that Petitioners could avoid future persecution by relocating to Cucuta because they had "already relocated once to [Cucuta] and, while [they were] there, no one came to look for them." This finding misstates the record because Maria credibly testified that "la guerrilla" gave Porras a threatening phone call while Petitioners lived in Cucuta, and that "la guerrilla" then went to Cucuta and left a threatening letter at Porras's aunt's house in Cucuta.

The agency also reasoned that Petitioners could avoid future persecution by relocating to other places in Colombia because Maria "is young, educated, has proven employment history, and has a family support network." The agency seems

---

[2] Petitioners bear the burden of establishing that it would be unreasonable for them to relocate within Colombia because they failed to prove past persecution. 8 C.F.R. §§ 1208.13(b)(3)(i), 1208.16(b)(3)(i).

[3] The IJ also opined that, upon removal to Colombia, Petitioners could safely and reasonably live with Maria's parents in Bucaramanga, Colombia, because "none of [her parents had] suffered any direct threats or harm." The BIA did not seem to have adopted this finding. In any event, this finding conflicts with Maria's credible testimony that "la guerrilla" broke the windows of her parents' house and left a threatening note.

to have assumed—without much analysis—that Porras could reasonably return to Colombia alongside Petitioners.  But that assumption appears to be at odds with the agency's own passing assessment that Porras might risk future persecution upon removal to Colombia.  Given this risk assessment, it might not be reasonable for Porras to return to Colombia.  And without Porras's company, it might not be reasonable for Petitioners to return to Colombia and relocate therein.  The agency thus erred in failing to discuss adequately this highly probative and potentially dispositive consideration in its relocation analysis.  *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1071 (9th Cir. 2003).

Therefore, we grant the petition and remand as to Petitioners' applications for asylum and withholding of removal.[4]  *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (holding that a BIA decision "cannot stand" where it "misstat[es] the record and fail[s] to mention highly probative or potentially dispositive evidence").

2.      To be eligible for CAT protection, an alien must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).  The torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an

---

[4]      Nothing in this disposition precludes the agency from denying Petitioners' applications for asylum and withholding of removal on other grounds.  The agency may also deny Petitioners' applications again on the relocation ground with a fuller discussion of the relevant considerations.  We intimate no view as to whether Porras in fact has a reasonable fear of future persecution upon removal to Colombia.

official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1). In this case, the agency denied Petitioners' CAT claim because they failed to establish that the Colombian government would consent or acquiesce to any future torture that Petitioners feared.

"A government does not [consent or] acquiesce to torture where the government actively, albeit not entirely successfully, combats the illegal activities." *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) (cleaned up). Here, country conditions evidence suggests that the Colombian government does investigate human right abuses and violent crimes by armed groups and prosecute those responsible. Petitioners' own experience in this case also does not suggest otherwise.[5]

Therefore, substantial evidence supports the agency's denial of Petitioners' CAT claim.

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART; REMANDED.**[6]

---

[5] It is unclear from the record whether the General Prosecutor's Office investigated Porras's case, as neither Porras nor Maria followed up with the General Prosecutor's Office after Porras reported the extortion.

[6] Petitioners' motion to stay removal (Dkt. No. 3) is **GRANTED**.